HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANNE LINDBERG,

        Plaintiff,

   v.

RICHARD SPENCER, Secretary of the Navy,

        Defendant.

CASE NO. C16-5671RBL

ORDER

THIS MATTER is before the Court on the following: pro se Plaintiff Lindberg's Motions for Disclosure of all case records [Dkt. #s 31 and 32]; Lindberg's Motion to Terminate the Stipulated Protective Order [Dkt. #33] and Lindberg's Motion to Compel [Dkt. #34].

Lindberg seeks from the Defendant's attorney records and documentation of the details of all 'communications" "calls" and "documents" between her former attorneys [two sets, Dkt. #s 31 and 32] and the US Attorneys' office, and details of communications between that office and the attorney for non-party Dr. Tinker:

ORDER - 1

> Provide any, all and every form of communication(s) from 07/29/2016 to 11/07/2017 to include All content of communications of 3:16-cv-05671 to/from Morehead to Harrison. All decision(s) of communications of 3:16-cv-05671 to/from Morehead to Harrison by electronic/non-electronic including meeting(s).

[Dkt. # 31] There is no basis for such a request; Lindberg has the right to her file from her prior attorneys, and she can seek discovery (consistent with the Civil and Local Rules) to the defendant through his attorney. But she has no ability to propound discovery to, or demand documents or other information from, opposing counsel. She has no ability to force opposing counsel to create records of communications and provide them to her. She has not articulated any basis for demanding every detail of any conversations between the US Attorneys' office and a non-party's attorney. Plaintiff is now *pro se*, but she is still bound by the Federal Rules of Civil Procedure. Her Motions for Disclosure are **DENIED**.

Lindberg's Motion to Compel is based on a Request for Production sent by her prior attorney. Defendant Spencer claims he responded, and that the demands made in the current motion are not the same as those in the prior discovery request. Lindberg concedes as much, calling her motion a "clarification" of the prior discovery request. She also makes new demands, including a broad request for information relating to attorney Alison McKay. For example:

> Plaintiff (Pro Se) request, "in particular" the Letter(s) of Designation of Representation introducing Agency Counsel Alison McKay as the Agency representative on ligation for DON DOCKET NOS. 14-4523A-03072 & 15-4523A-00261, EEOC No. 551-2014-00170X, 551-2015-00171X.

[Dkt. #34]. This sounds a lot like a similar line of attack pursued by Plaintiff JoAnn West in a series of unrelated cases. *See*, for example, *West v. Spencer*, Cause No. 17 – cv – 5246RBL. The common denominator appears to be the involvement of "support assistant" Ceu Alves, who is not a party and is not an attorney admitted to practice in this Court. [*See* Dkt. #39 in that case] Alves is not going to run this case from the shadows, any more than she did the *West* cases. The Motion to Compel is **DENIED**.

The Defendant and his attorneys are encouraged to provide discovery to Lindberg without the need for motions practice, and Lindberg is similarly encouraged to articulate what she wants and why in a manner that is understandable and reasonable. If and when discovery disputes are presented to the Court, the Rules will be followed notwithstanding the plaintiff's *pro se* status. This includes the rules of discovery and the requirement that parties meet and confer before filing discovery motions, and the requirement that a non-attorney can represent only herself.

Finally, Lindberg seeks to terminate the Stipulated Protective Order [Dkt. #16] that was executed on her behalf by her prior attorney. Her reasoning is unclear, but she claims the Protective Order is acting as a "gag order." Spencer surmises that Lindberg wants to share not only her own confidential information but the confidential information of other federal employees with her "assistant" (who is unnamed), and with her potential (third) attorney, also not yet identified. Her attorney has or will have access to the information under the terms of the (standard) Protective Order. Her non-attorney "assistant" (presumably, Alves) does not have that right, and should not have the right to access non-parties' confidential medical or other records.

1 | The Motion to Terminate the Protective Order as it relates to the defendant's and third parties'
2 | confidential medical and other records is **DENIED**.

    IT IS SO ORDERED.

    Dated this 28th day of November, 2017.

*/s/ Ronald B. Leighton*

Ronald B. Leighton
United States District Judge