HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANNE LINDBERG,

        Plaintiff,

  v.

RAY MABUS,

        Defendant.

CASE NO. C16-5671RBL

ORDER

THIS MATTER is before the Court on the following:

**(1)** Plaintiff Lindberg's "Motion to Withdraw Document # 40" (so titled in CM/ECF) [**Dkt. #41**]. The title of the document itself is "Motion for Amend Case." Document #40 is a (proposed) amended complaint, filed without leave of court. The purpose of the filing is not clear, but the court will treat Dkt. #41 as a Motion for Leave to Amend, and to file the amended complaint she already filed at Dkt. # 40.

Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)

ORDER - 1

1 (citations omitted). In determining whether to grant leave under Rule 15, courts consider five

2 factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and

3 whether the plaintiff has previously amended the complaint." *United States v. Corinthian

4 *Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (emphasis added). Among these factors, prejudice to

5 the opposing party carries the greatest weight. *Eminence Capital,* 316 F.3d at 1052.

6      A proposed amendment is futile "if no set of facts can be proved under the amendment to

7 the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers

8 Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing

9 *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997)).

10      Neither Lindberg's proposed amended complaint nor the motion meet even the liberal

11 Rule 15 standard. First, despite their length, none of Lindberg's complaints articulates any fact or

12 allegation to the Defendant—the Secretary of the Navy—she sued. Her recent filing does not

13 state a plausible claim against anyone, certainly not Spencer. Instead, it is a long, vague list of

14 complaints by other people and about other people, including Alison McKay:

15     / / /

16      / /

17       /

I, Anne Lindberg can prove without a doubt Alison L. McKay made money practicing law in Washington State and introduced her herself as an Attorney. The Defendant's Agency introduced Alison L. McKay as an Attorney for the Defendant.

Information of facts was submitted to my previous WSBA # Attorney Jonah Harrison unbeknown to me are the results of any motion for the attorneys have refused to disclose to me the Pro Se Plaintiff. As grounds therefore, plaintiff provide as follows for Amendment of Complaint:

Request for production sent do the U.S, attorney Sarah Morehead on December/2017 and January/2018 related to the investigation of Case 3:16-cv-05671RBL by EEO office at the PSNS & IMF Refueling Facility in Bremerton-WA (DON), by the DCPAS/Department of Defense (DoD), by EEOC Office in Seattle-WA, and San Francisco-CA. Judges involved on Case 3:16-cv-05671 were Steven Gaffin Seattle Office, and Daniel Leach, Supervisory Judge Terrie Brodie California Office. Agency designated Counsel or attorney was Alison L McKay and Complainant's designated representative (Under MD-110) was Ceu Alves.

[Dkt. # 41 at 4] This has nothing to do with Richard Spencer, or the Navy, or Lindberg's employment there. It does have something to do, apparently, with a series of cases filed by Joe Ann West, and Lindberg implausibly claims that she learned about West (and McKay) through "Google." But this Court already pointed out the similar "McKay" allegations—and the similar use of "assistant" Ceu Alves—in a prior Order in this case. [*See* Dkt. # 38] In any event, McKay has not appeared in this case. Any claim based on the argument that she practiced law without a license and thus that Lindberg (or West) was wrongly discharged, (or that the Navy is liable to Lindberg for McKay's conduct) is nonsensical. The proposed pleading does not state a plausible claim against the defendant, it articulates no basis for relief or demand for relief, it has no

coherent statement of facts about the Plaintiff or her employment or termination, and permitting its filing would be futile. Furthermore, it has been more than a year and a half since this case was filed, and much more than that since the events outlined in Lindberg's filings. There is no reason for the undue delay in asserting these "claims" even if they were plausible or related to Lindberg.

The Motion to Amend to file the proposed amended complaint is **DENIED**. The operative complaint remains Dkt. #1, the sex discrimination employment complaint.

**(2)** Lindberg's Motion to Compel Discovery [**Dkt. # 43**] and related "Emergency Motion to Compel" [**Dkt. # 44**]. Lindberg seeks broad discovery into cases and events that appear to have no connection to her. For example, she seeks information about *her* assistant Ceu Alves, and she seeks salary information about DOJ attorneys who may or may not have played some role in the case:

> Produce the U.S. DOJ Assistant Attorney Jamal White N. Whitehead pay for the date for 08/07/2015 and 08/14/2015. Produce Agency Counsel Alison L. McKay pay for 08/07/15 and 08/14/15. Produce Alison L. McKay pay grade as a Licensed attorney practicing law and/or litigating in Washington State from 1999 to 2016. Request to redact all files, records, and/or documents for PII and PHI.

[Dkt. # 44 at 5]. The Secretary opposes the requests as well beyond the scope of legitimate discovery in this sex discrimination case. He also points out that Lindberg's Motion fails to follow the Civil Rules. He is correct. It is not clear what Lindberg is trying to accomplish with these discovery requests. They have nothing to do with her case. The Motions to Compel are **DENIED**.

(3) Motion to Consolidate Cases [**Dkt. # 49**] and "Motion for Order of Consolidation of Cases" [**Dkt. #51**] Lindberg asks the Court to consolidate into this federal court action three "civil cases," which she identifies as: 15-4523A-03311, 16-4523A-1226 and 16-4523A-02785. These numbers apparently refer to prior EEOC or other action(s) brought by Lindberg. The attachments to her motion demonstrate that each was already dismissed. These cases are not in this Court, and the Court has no ability to order them consolidated with this case, even if they were still pending. The Motions to Consolidate are **DENIED**.

**IT IS SO ORDERED**.

Dated this 21st day of February, 2018.

_____
Ronald B. Leighton
United States District Judge