HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANNE LINDBERG,

           Plaintiff,

   v.

RICHARD SPENCER,

           Defendant.

CASE NO. C16-5671 RBL

ORDER

THIS MATTER is before the Court on the following Motions: Defendant Spencer's Motions for Summary Judgment [Dkt. # 60], and for Relief from deadlines [Dkt. # 73]; and on Plaintiff Lindberg's Motions for Summary Judgment [Dkt. # 59]; to add Joe Ann West's Affidavit [Dkt. #64]; for Judgment Cases Dockets for Case No. 16-5671 [Dkt. # 65]; for Sanctions for Willful Violation Laws by Morehead [Dkt. # 70] and to Introduce Material/Evidence of Violation of Protective Order [Dkt. # 71].

Lindberg has been employed at the Navy Shipyard in Bremerton since 1980. She received a variety of promotions and positive evaluations, and apparently had a good relationship with her employer until 2012.

ORDER - 1

Lindberg claims that she was moved from one position to another in 2012. She engaged in "EEO activity" regarding that move in May, and in June she was offered a promotion. That offer was rescinded, and she was reprimanded for failing to do her then-current job. She claims the higher paying job she sought was given to a male, instead. In August, 2012 Lindberg was suspended for one day for leaving the job site. She claims that both adverse employment actions were instead in retaliation for her EEO activity. She filed another EEOC complaint, for sex discrimination that month. Lindberg claims she was denied another promotion in 2014 due to her EEO activity. Her EEOC process ended in May 2016 with an "Order/Dismissal in favor of US District Court Action." [Dkt. # 1 at 7]

She sued shortly thereafter, claiming sex discrimination in violation of Title VII. Her attorney withdrew and Lindberg is proceeding *pro se*[1].

Spencer now seeks Summary Judgment. He argues, and demonstrates, that Lindberg was in fact promoted several times *after* her initial EEO activity [*See* Rider Dec. Dkt. #63 at ¶¶ 7-10] Spencer also demonstrates that Lindberg failed to perform her job duties dating to April 2012, prior to her initial EEO activity. He provides excerpts of Lindberg's own deposition conceding some of these points. He also argues, and demonstrates, that Lindberg walked off the job June 13, 2012, angered when she was given a written reprimand. He argues that *that* incident—and not Lindberg's prior EEO activity—led to the rescission of the promotion offer made to Lindberg just a week before. In fact, in claims, the person who rescinded the offer did not know of the EEO complaint. *See generally* Dkt. # 60 at 2-7, and Declarations and Exhibits referenced therein.

---

[1] Since her attorney withdrew, Lindberg has filed motions and other documents wholly unrelated to the facts alleged in her complaint. Most are complaints and accusations against the Court and the attorneys representing the Defendant. Some relate to events in her various EEO proceedings, but those events and the players are never described and none of the records are provided. Lindberg has filed almost nothing that actually addresses the merits of the claims asserted in the complaint her former attorney filed on her behalf.

Lindberg's own Motion for Summary Judgment [Dkt. #59] is a long list of repeated complaints, accusations, and rhetorical questions. At times it hints at the underlying facts related to her employment and the claims she put at issue in her complaint, but it includes no evidence; instead it claims that "emails are available" and that evidence will be provided at trial. It references the underlying EEO process but does not include any of the evidence she apparently wants the Court to review. The following excerpt is typical of the entire document:

Navy Case No. 16-4523A-02785 (EEOC 551-2013-00215X) DISMISSED on 04/17/2017 by Terrie Brodie as a MIXED complaint by (for being 3 EEO complaints in 1 EEO complaint) Federal EEOC Supervisor Administrative Judge. However, DON DOCKET 15-4523A-3311 was dismissed by Terrie Brodie on September 30, 2016 (*order of dismissal is provided on [DKT. # 54]*). DON DOCKET 16-4523A-01226 was dismissed by EEOC/OFO Director Carlton M. Hadden on October 7, 2016 (*order of dismissal is provided on [DKT. # 54]*). How did the agency introduce DON NO. 16-4523A-01226, or a dead EEO complaint into a live EEO complaint DON NO 16-4523A-02785/EEOC Nos 550-2016-00215X? The Decision by the Office of Federal Operation (OFO) by Carlton M. Hadden is provided to Federal Judge Ronald B Leighton with a request for his interpretation of the right to file an appeal or about the Complainant's Rights to File a Civil Action (S0610). Who can appeal or process DON DOCKET No 16-4523A-01226 further? Did the agency appeal 01226 on Complainant's behalf? Did Complainant Anne Lindberg Pro se plaintiff had a designated representative on file? (*Certificate of service provided on [DKT. # 54]*). How did 01226 made to California, and became a MIXED COMPLAINT? How?

[Dkt. 59 at 14-15]. Lindberg concludes her Motion by asking the Court to rule in her favor as a matter of law, viewing the evidence in the light most favorable to her:

Because the Plaintiff's evidence, viewed in the light most favorable to her, is sufficient to establish all of the elements of her claims sexual harassment, retaliation, and constructive discharge (equal pay). I, Anne Lindberg the Plaintiff Pro Se is entitled to summary judgment on all claims. In addition, the undisputed evidence indicates that the Plaintiff has proven her affirmative burden of proving her Civil Action, entitling her to summary judgment on that defense.

[Dkt. # 59 at 19]. But that is not the summary judgment standard.

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must ***view all evidence in the light most favorable to the nonmoving party*** and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986) (emphasis added); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a

genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24.

There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Lindberg has not met her burden of demonstrating that, viewed in the light most favorable to Spencer, the evidence (of which she has supplied none[2]) demonstrates that she is entitled to judgment as a matter of law. Her Motion for Summary Judgment [**Dkt. #59**] is therefore **DENIED**.

The Court will consider this Motion (and each of Lindberg's other recent motions and filings) as part of her response to Spencer's own Motion.

But on their own, Lindberg's other Motions have no merit. She seeks to "add" the affidavit of Joe Ann West [**Dkt. # 64**] That Motion is **GRANTED** and the Court has reviewed the affidavit. But West's affidavit (similar in tone and content to Bishop's) does not address Lindberg's actual claims, or Spencer's Motion for Summary Judgment on them. West is not a member of Lindberg's "class"; this is not a class action. And her repeated accusations about attorney Alison McKay, the U.S. Attorneys' office and the Court are not relevant to any issue in Lindberg's case.

---

[2] The Court read the Declaration of Kelley Bishop [Dkt. #50], filed in connections with a prior set of Lindberg Motions. It repeats many of the accusations in Lindberg's filings about the U.S. Attorneys' office and its conduct in some underlying EEO process but it includes very little that could be construed as admissible evidence, and it does not touch on the claims in Lindberg's complaint, at all.

Lindberg's Motion for Sanctions against Spencer's attorney in this case [Dkt. # 65] is difficult to follow. She apparently complains that her EEO proceedings have been "moved into this case," despite the Court's order denying her motion to consolidate:

**The first person to move case DON DOCKET 16-4523A-02785, 15-4523A-03311 and 16-4523A-01226 MIXED COMPLAINT out of abeyance and into C16-5671 was DOJ U. S. Assistant Attorney Sarah K. Morehead, on January 26, 2018**. U.S attorney Sarah Morehead and Legal Assistant Julene Delo received an email from Pro Se Plaintiff Anne Lindberg reporting violation of EEOC regulation and directive MD-110 and (29 CFR part 1614), Violation of representation (Ex-Parte), violation of the Privacy Act of 1974, and clarification that DON DOCKECT 16-4523A-02785 was transferred to San Francisco CA, therefore, it became EEOC Nos 550-2017-00215X on February 23, 2017. Pro Se Plaintiff proceeded with a request for consolidation, which was denied by the Defendant and Judge Ronald B. Leighton (See PACER). The actions of Attorney Sarah K. Morehead and Mona C. Williams (Lisa N. Foster) has given EEOC Administrative Supervisory Judge Terrie B. Brodie (Attorney hired and politically appointed) jurisdiction and reign over the Western District Court of Tacoma, Federal Judge Ronald B. Leighton (U.S. Congress appointed Federal Judge) over the matter of Lindberg v. Spencer, 3:16-cv-05671 without transferring the case back to EEOC jurisdiction . Sarah Morehead decided to input false document. Sarah Morehead decided to take documents from

> Spencer, 3:16-cv-05671. For, at present time, it is under the bench of EEOC Administrative Supervisory Judge Terrie B. Brodie (Attorney). Did Judge Leighton authorize the removal, transfer, and insertion of C16-5671 to the bench of Judge Brodie in California while under protected order, he signed, he enforced, and he denied termination [Dkt. # 53]?
>
> My EEOC MD-110 (**Title 29** › **Subtitle B** › **Chapter XIV** › **Part 1614** › **Subpart F** › **Section 1614.605**)[1] retained Representative (a non-attorney) for EEOC No. 550-2017-00215x (Agency No. 16-4523A-02785) was inserted in the Western Washington District Court Case 3:16-cv-05671, *Lindberg v. Spencer*. **Judge Leighton threaten sanction in regard to non-attorney in his court. Let it be known there is a non-attorney introduced by Defendant's Attorney Sarah K. Morehead into the Federal Civil Case C16-5671.**

[Dkt. # 65 at 2-3]. The meaning of this is unclear, but it is clear that Lindberg has not demonstrated that anyone engaged in sanctionable conduct. The Motion [**Dkt. # 65**] is **DENIED**.

Lindberg's "MOTION Sanctions against the defendant for willful violation of local, state, and federal laws by Morehead. To adjourn on Plaintiff's favor" [Dkt. # 70] actually purports to be a *reply* to Spencer's response [Dkt. # 69] to her prior Motion for sanctions [Dkt. #65]. It is similarly off-point and accusatory. To the extent it is a stand-alone Motion, **Dkt. # 70** is **DENIED**.

Lindberg's Motion to Introduce Evidence [Dkt. # 71] is also difficult to comprehend. She again complains about the manner in which the case was defended, but does not address the substance of her claims or the merits of the pending dispositive Motion. The following excerpt is typical of the entire filing:

> 7. Doctor Tavis doctor/client's record containing confidential information, such as medication and diagnostic, were breached by the defendant's defense counsel. on numerous occasions and doctor/client confidentiality was breached without a Release of Information Form, or an **informed Consent Form**. See Deposition Transcript pg. 200, 201, from February 14, 2018. See also Defendant's expert witness Dr. Bates report dated of December 20, 2017. <u>Is there an Informed Consent on record for Doctor Tavis</u>? How does Judge Leighton want to proceed on violation of HIPAA? Apparently, HIPAA violation is addressed by the Department of Justice. (https://www.ama-assn.org/practice-management/hipaa-violations-enforcement). Should I file a case against the Defendant's defense counsel with the DOJ for willful violation of my HIPAA rights?
>
> As a Complainant Under EEOC, I received a motion from Mona C. Williams who identified herself as representing the agency and operating as an assistant to the U.S. attorney Sarah Morehead. Ms. Williams failed to produce a "Letter of Designation of Representative," which is a requirement under EEOC Regulation and Directive MD-110, 29 CFR part 1614. (https://www.eeoc.gov/federal/ajhandbook.cfm). Ms. Williams failed to produce the document deputizing her as an U.S. attorney. However, she announced herself as assisting Sarah Morehead. For the record, Sarah Morehead wasn't introduced by the agency as handling my EEOC pending case. In addition, Mona C. Williams wasn't introduced on PACER as an U.S. attorney.

[Dkt. #71 at 3-4].

Rhetorical questions, threats, accusations, and references to unknown proceedings witnesses and depositions are not "evidence." A party responding to a summary judgment motion does not have to move the Court for leave to file evidence in response. But this sort of filing is wholly unhelpful. Lindberg's Motion to "introduce" this "evidence" [**Dkt. # 71**] is **DENIED**.

This leaves Spencer's summary judgment motion. Lindberg has now filed a response [Dkt. # 74] to the motion. Unfortunately, it is not in fact responsive. It is instead a continuation of a consistently unproductive strategy of attacking defense counsel and the Court, demanding to know "what claim?" led to "the subpoenas," presumably of witnesses:

> WHERE IS THE CLAIM, WHICH ORIGINATED THE SUBPOENAS? I couldn't find it on the defendant's request for summary judgment [DKT#60]. Where is the CLAIM under the subpoenas? Where is the local rule, state law (RCW) a federal law authorizing Case 3:16-cv-05671 to be litigated by the defendant and by Federal Judge Ronald B Leighton, who is functioning as a witness for the defendant. Why didn't judge Leighton side with the defendant defense counsel, on her request for a summary judgment if ANY/EVERY AND ALL records, motions and requests for to "DENY" motions from Pro Se plaintiff were 100% favorable to the defendant? What is being litigated? Seriously! What is left on Case 3:16-cv-05671 to be litigated? Case 3:16-cv-05671 was DEAD on November/2017, when Pro Se plaintiff Anne Lindberg took over the case. PACER record leaves no room for doubt, as it is 100% favorable to the defendant. Let me state it again, Case 3:16-cv-05671, IS by JUDGE LEIGHTON'S HAND, 100% favorable to the defendant. 100% record, it should preponderance of material/evidence introduced by the defendant and it should show it as beyond reasonable doubt. Or Federal Judge Ronald B Leighton is 100% sure that the defendant is right and that Pro Se plaintiff is wrong, at all times, *see PACER record*.
>
> ***

> Where is the CLAIM, which originated the subpoena against Dr. Devin Shoquist? Is the mentioned claim within the retained record of litigation between the defendant's attorney Sarah Morehead and Pro Se Plaintiff former attorney Jonah Harrison? Did Federal Judge Ronald B Leighton secured **PAID** attorney Jonah Harrison record of litigation on Case 3:16-cv-05671 on the behalf of the Plaintiff, as a property of the defendants? I'm the paying customer on Case 3:16-cv-05671.

[Dkt. # 74 at 3-5]

The answer, presumably, is the "claim" that Lindberg filed in her complaint this case [Dkt. # 1] alleging that she was denied a promotion because of sex discrimination and in retaliation for engaging in EEO activity.

In any event, that is the claim before the Court. The only actual, admissible evidence about the claim is supplied by Spencer. He demonstrates that the promotion offer was rescinded after Lindberg walked off the job.

Lindberg's numerous filings rarely address, and do not support this claim. Buried deeply in her final filing, Lindberg does repeat one statement that she attributes to Timothy Morris (who she apparently claims rejected her promotion):

> 2. Employer's retaliatory statement, ***"I don't want her here, she has an ongoing EEO complaint against me"*** (Timothy Morris at PSNS & IMF on 04/30/14). **"*WHAT IS TIMOTHY MORRIS SAYING?*"**

[Dkt. # 74 at 24]. But her quoting it in a brief is not evidence, and the statement alone is not enough establish a *prima facie* case of discrimination or retaliation. It certainly is not enough to demonstrate that the defendant's proffered basis for the promotion's rescission—Lindberg walked of the job in a fit of anger—was pretextual. Lindberg does not address this event. Nor

does she ever address her sex discrimination claim. She instead asks the Court if it thinks she ever experienced sex discrimination in 37 years at a shipyard. That is a rhetorical question, and it is not evidence that something actionable happened.

There is simply no evidence from which a reasonable jury could find that Lindberg was the victim of sex discrimination, or that the Navy retaliated against her in 2014 for her 2012 EEO activity. Spencer's Motion for Summary Judgment [**Dkt. # 60**] is **GRANTED**, and Plaintiff's Lindberg's claims are **DISMISSED** with prejudice and without leave to amend.

The Motion for Relief from Deadlines [**Dkt. # 73**] is **DENIED** as moot. The matter is closed.

IT IS SO ORDERED.

Dated this 7th day of May, 2018.

*[signature]*

Ronald B. Leighton
United States District Judge